## Kunich v. NVR, Inc.

C.P. of Westmoreland County, Nos. 3599 of 2010 and3600 of 2010

*Michael E. DeMatt*, for plaintiffs.
*William B. Pentecost, Jr.*, for defendant.

MCCORMICK, *J.*, June 28, 2013—This matter is before the court on plaintiffs' motion for reconsideration of the court's opinion and order of court of May 13, 2013, which sustained the preliminary objections herein and dismissed this matter with prejudice.

In the motion for reconsideration the plaintiffs contend that the court failed to address their argument that the repair doctrine tolled any applicable statute of limitations on the actions.

It must be noted that the repairs which plaintiffs claim tolled the statute of limitations were not undertaken by the defendant until after the agreed-upon statute of limitations had run. The repair doctrine, as adopted in Pennsylvania in *Amodeo v. Ryan Homes, Inc.*, 595 A.2d 1232 (Pa. Super. 1991), is a doctrine of estoppel. Estoppel might prevent a defendant from claiming the statute of limitations when a repair or course of repair is undertaken and the attempt at repair and a representation by the defendant that the repair will cure the defect causes the plaintiffs to rely upon that representation and postpone the filing of an action until after the running of the statute of limitations.

In the matter herein no repairs were initiated by the defendant until after the applicable statute of limitations had expired. The repairs and any alleged representations made by the defendant would not have caused the plaintiffs to postpone the filing of a legal action beyond the statute of limitations because the statute had already run. Therefore, no estoppel is available to the plaintiffs from the gratuitous repairs undertaken by the defendant.

### ORDER OF COURT

And now, to wit, this 28 day of June, 2013, based

upon the foregoing and this court's previous opinion and order of May 13, 2013, the relief sought by the motion for Reconsideration is hereby denied and the decision of May 13, 2013, is confirmed.

Further, in accord with Pa.R.C.P. No. 236(a)(2)(b), the prothonotary is directed to note in the docket that the individual(s) listed below have been given notice of this order.